IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTINE M. PALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 1410 |
| v. ) | |
| ) | |
| GREAT DANE TRAILERS, A ) | |
| DIVISION OF GREAT DANE ) | |
| LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff Kristine M. Palmer ("Palmer") sued Great Dane Trailers, a division of Great Dane Limited Partnership ("GDLP") alleging that GDLP: (1) failed to comply with and willfully violated the Fair Labor Standards Act, 29 U.S.C. § 201 (2005), *et seq.*, ("FLSA"), (2) breached the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 (2005), *et seq*; ("IMWL"), and (3) violated the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 (2005), *et seq.*, ("IWPCA"). GDLP moves to strike the statutory penalty remedy sought by Palmer under the IMWL count and to dismiss the IWPCA claim. The Court grants GDLP's motion.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005)

(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)). When determining a motion to dismiss, a court is restricted to reviewing the pleadings, which consist of the complaint, any attached exhibits, and the supporting briefs. *See Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

For a motion to strike, a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

## BACKGROUND

For the purposes of this Opinion, the Court accepts the following facts as true.

### I. The Parties

GDLP is the world's largest trailer company. It designs and produces freight vans, refrigerated vans, and flat bed trailers for hauling cargo. (R. 1-1; Compl. ¶ 3.)

Palmer is a former GDLP employee who at one time held the title of "Assistant Cost Estimator." (*Id.* ¶ 4.) At all relevant times, GDLP employed Palmer, except for a short period of time in 2001 and after August 8, 2003, when Palmer voluntarily resigned a second and final time. (*Id.* ¶ 8.)

### II. Palmer's Allegations Related to Her Employment

During the periods it employed Palmer, Great Dane willfully employed Palmer for over forty hours per week. (*Id.* ¶ 9.) Great Dane failed to pay Palmer for those hours over forty in a week at a rate of one and a half times Palmer's regular hourly rate. (*Id.*) In doing so, Great Dane willfully and improperly classified Palmer as a full time exempt salaried employee when it knew or should have known that Palmer did not exercise unfettered discretion and independent judgment. (*Id.* ¶ 10.) According to Palmer this classification was incorrect because Palmer's

2

work at Great Dane as an Assistant Cost Estimator was routine, formulaic, and closely scrutinized and supervized. (*Id.*)

**II.     Palmer's Complaint**

In Count I, Palmer contends that GDLP failed to pay her for overtime (time and a half) for hours she worked in excess of forty hours a week, thereby violating the FLSA. Count II alleges that GDLP willfully violated the FLSA. Count III alleges that by failing to pay overtime, GDLP violated the IMWL. As part of her remedy, Palmer seeks statutory damages equal to two percent of the amount of the earned but unpaid overtime wages for each month following the month such overtime was originally due Palmer. Count IV alleges that GDLP violated the IWPCA by failing to pay Palmer the overtime pay that she allegedly earned.

## ANALYSIS

The Court addresses GDLP's motion to strike Palmer's statutory penalty under the IMWL in Section I and GDLP's motion to dismiss Palmer's IWPCA claim in Section II.

**I.     Whether Palmer May Seek the IMWL Statutory Penalty on Her Own Behalf**

In support of its motion to strike, GDLP argues that as a matter of law, only the Illinois Department of Labor, and not an individual, may sue for the statutory penalty under the IMWL. The IMWL grants an employee the right to bring a civil action to recover the amount by which the employer underpaid the employee. 820 Ill. Comp. Stat. 105/12-a (2005). The IMWL further provides that:

> At the request of the employee or on motion of the Director of Labor, the Department of Labor may make an assignment of such wage claim in trust for the assigning employee and may bring any legal action necessary to collect such claim, and the employer shall be required to pay costs incurred in collecting such claim. Every such action shall be brought within 3 years from the date of the underpayment. Such employer shall be liable to the Department of Labor for

3

> 20% of the total employer's underpayment and shall be additionally liable to the employee for punitive damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

*Id*. GDLD argues that as a matter of law, only the Illinois Department of Labor can sue for the Statutory Penalty under the IMWL. In support of this interpretation, GDLD cites *Gelb v. Air Con Refrigeration & Heating, Inc.*, 826 N.E.2d 391 (Ill. App. Ct. 2005). The Illinois appellate court in *Gelb* found that the "statute only mentions punitive damages payable to employees in the context of an action assigned to and subsequently brought by the Director of Labor. It makes no provision for employees to recover punitive damages aside from assigning their claims to the Director." *Id.* at 403.

Because Palmer brings her IMWL claim pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367, Illinois law supplies the interpretation of the IMWL. *See Chrysler Realty Corp. v. Thomas Indus., Inc.,* 97 F.Supp.2d 877, 879 (N.D. Ill. 2000) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Where, as here, the highest state court has yet to consider an issue, the federal court will generally follow a state appellate court decision. *See West v. American Telephone and Telegraph,* 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940) ("Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise").

The Court finds the Illinois appellate court's reasoning in *Gelb* persuasive.[1] The plain

---

[1] Palmer attempts to cast doubt upon the validity of *Gelb* by submitting that the plaintiff is seeking an appeal to the Illinois Supreme Court (the court of appeals already declined to

language of the statute limits punitive damages to the situation where the Director of Labor is suing on behalf of the employee. *See Community. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989) ("In interpreting a statute, [the Court] must first begin with the text"); *United States v. Ron Pair Enters.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L. Ed. 2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S. Ct. 3245, 73 L. Ed. 2d 973 (1982)) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters'").

Similar to *Gelb*, Palmer chose not to assign her case to the Director of Labor and seeks to recover the statutory penalty on her own. The plain meaning of the statute prevents such action. Accordingly, the Court grants GDLP's motion to strike the remedy seeking the statutory penalty.

## II. Palmer's IWPCA Claim

In support of its motion to dismiss Palmer's IWPCA claim, GDLP contends that the proper avenue for seeking unpaid overtime when not covered by an agreement or contract is through the FLSA and IMWL, and not the IWPCA. GDLP argues that Palmer cannot use the IWPCA to extend the statute of limitations for any claims under the FLSA or IMWL which are time barred. The Court agrees with GDLP. The plain meaning of the IWPCA indicates that pay is only recoverable under the statute when the employer has breached contractual obligations.

---

rehear the case). At the present time, however, the Court finds the appellate court's reasoning to be the most persuasive interpretation of the relevant section of the IMWL and therefore the most accurate reflection of how the Illinois Supreme Court would rule in this case. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *also see White v. U.S.,* 680 F.2d 1156, 1161 (noting that *Erie* requires the federal court to predict how the state supreme court would decide the case).

The IWPCA states that wages "shall be defined as any compensation owed an employee by an employer *pursuant to an employment contract or agreement* between the two parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 IIll. Comp. Stat. 115/2 (emphasis added). "Payments to separated employees shall be termed 'final compensation' and shall be defined as wages, salaries,...and any other compensation owed the employee by the employer *pursuant to an employment contract or agreement* between the two parties." *Id.* (emphasis added). "Employers shall notify employees, at the time of hiring, of the rate of pay and of the time and place of payment." 820 Ill. Comp. Stat. 115/10.[2]

Another court from this district has dealt with this issue. *See Mathias v. Addison Fire Protection Dist. No. 1*, 43 F. Supp. 2d 916 (N.D. Ill. 1999). In *Mathias*, the plaintiffs filed FLSA and IWPCA claims seeking overtime pay allegedly due them. *Id.* The employer paid plaintiffs one wage for their work as firefighters, and a lower wage when working as fire inspectors. Plaintiffs sought to increase the rate of pay for fire inspectors. *Id.* A collective bargaining agreement ("CBA"), however, controlled the rate of pay for each position, and the plaintiffs understood that they would receive a lower rate of pay for their hours logged as fire inspectors. *Id.* at 920. Ruling that the CBA was definitive, the court dismissed the FLSA claim and then turned to the IWPCA claim. *Id.* "The IWPCA mandates that employers pay their employees

---

[2]Courts in this district have recognized that the IWPCA focuses on the contractual obligations of the employer. "Just as the IWPCA does not mandate vacation pay, it does not mandate overtime pay, but merely requires that the employer pay its employees the wages it has promised them." *Colgren v. County Line Cartage, Inc.*, No. 99 C 8268, 2000 WL 1154072, at *4 (N.D. Ill. 2000). "The IWPCA [does] not create...entitlement to overtime wages. In fact, the Seventh Circuit has stated that the IWPCA merely requires 'that the employer honor his contract." *Lopez v. Smurfit-Stone Container Corp.,* No. 02 C 7347, 2003 WL 297533, at *3 (N.D. Ill. 2003) (citing *National Metalcrafters v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986)).

agreed upon wages and benefits within certain time periods." *Id.* at 926 (citing 820 ILCS §§ 115/2-5). "The IWPCA does not, however, address the rate at which an employer must pay its employees, either during regular or overtime hours.... The success of Plaintiff's IWPCA claim appears tied to the success of their claim under the FLSA." *Id.*[3] Because the CBA controlled, the plaintiffs could not successfully argue that they were due higher overtime wages based on a contract. Therefore, the court dismissed the IWPCA claim with prejudice. *Id.*

In another similar overtime case, *Pautlitz v. City of Boston*, No. 89 C 8855, 1991 WL 33658 (N.D. Ill. 1991), the plaintiffs argued that their employee handbook was a contract. *Id.* at *2. After the court found that the handbook was not a contract, the plaintiffs argued that "even in the absence of a contract, they [were] entitled to the overtime claimed because of a 'policy' to pay such overtime." *Id.* at *3. The court rejected that argument and dismissed the count with prejudice because the plaintiffs could not state a claim for relief based on contract theory, and because they did not allege an "agreement." *Id.*

The facts in this case parallel those in *Mathias* and *Pautlitz*. Palmer has not alleged the existence of any agreement, contract, or CBA stating that GDLP promised to pay Palmer overtime. Instead of alleging that an agreement requirement GDLP to pay Palmer overtime, Palmer alleges that the FLSA and IMWL bound GDLP to pay Palmer overtime. The respective statute of limitations for those two acts – two and three years, or three years for both if the FLSA violation was willful – however, have expired. Palmer cannot use the IWPCA claim to extend her statute of limitations to five years. Attempting to circumvent these statute of limitations problems, Palmer argues that if she proves that GDLP owes her for overtime, then the IWPCA

will become applicable, citing to *O'Brien v. Encotech Construction*, No. 00 CV 1133, 2004 WL 609798 (N.D. Ill. 2004). *O'Brien* does not support the proposition of basing an IWPCA claim on the FLSA and IMWL's requirements to pay overtime because it involved a contractual dispute over a CBA. Unlike *O'Brien,* Palmer has not suggested that any agreement exists that requires GDLP to pay overtime. Hence, the correct route for Palmer to obtain earned pay, including potential overtime pay, is through timely FLSA and IMWL claims. Because GDLP did not breach any contractual obligation to pay overtime, no IWPCA claim exists.

For the above reasons, the Court grants GDLP's motion to dismiss the IWPCA claim with prejudice.

## CONCLUSION

Pursuant to Rule 12(f), the Court strikes the statutory penalty remedy sought under Count III. Pursuant to Rule 12(b)(6), the Court dismisses Count IV of Palmer's Complaint.

Dated: June 28, 2005                    Entered:

                                        _____
                                        AMY J. ST. EVE
                                        United States District Court Judge